SMITH, ETC. *v.* THOMPSON, et al.

No. 40712          March 24, 1958          101 So. 2d 530

*Pershing B. Sullivan,* Laurel, for appellant.

*Melvin, Melvin & Melvin,* Laurel, for appellee.

HALL, J.

Appellants prosecute this appeal from a judgment against them in the amount of $3,500 which grows out of the rent due on a truck and trailer equipment pursuant to a rent contract between the parties, which is in evidence in this case and whereby the appellants agreed to pay as rental for the leased equipment the sum of $1,000 per month in advance for a total period of six months.

■■ Appellants first complain of the action of the court in the granting of three instructions. The first of these is as follows: ''The Court instructs the jury for the plaintiffs, Fred Thompson and Henry Thompson, trading and doing business as Fordyce Truck & Equipment Co., that if you believe from a preponderance of the evidence in this case that G. B. Smith, trading and doing business as Bradshaw Trucking Company, signed and delivered the contract here sued on and that at the time it contained the terms and conditions of the contract as understood by and between the parties as shown by exhibit ''A'' to the declaration then it is your sworn duty to find for the plaintiffs in the amount shown by a preponderance of the evidence to be due to the plaintiffs.'' The second is in quite similar terms and refers to the contract as being filed as Exhibit A to the plaintiffs' declaration; and the third is in similar terms and refers to the contract as being filed as Exhibit A to the plaintiffs' declaration. Appellants contend that it was error to refer even to the exhibit to the dec-

laration. This Court has never so held. We have repeatedly condemned instructions which give no facts but merely tell the jury that the burden is on the plaintiff to prove each and every material allegation of the declaration and we have said that the members of the jury are not lawyers and that it is improper to refer them to the whole declaration to determine what allegations are material and what are not material. In this case none of the three instructions complained of violates the rules which we have laid down. They merely identify the contract as being Exhibit A to the declaration, which is but a short and simple method of bringing to the jury's consideration the three page contract which is filed as Exhibit A. In our opinion the complaint is wholly without justification or merit.

██ ██ Appellants also complain that the declaration sounded in contract but that the case was tried on the theory of quantum meruit. There is not a single instruction granted to the plaintiff which authorizes a recovery on a quantum meruit theory, but they are all planted squarely on the contract sued upon, and we conclude that there is no merit whatever in appellants' second contention. ██ ██ Appellants next complain that they were entitled to introduce in evidence a letter written to Fred Thompson on August 1, 1955, wherein they stated that they had delivered the truck and float in question, with all equipment, to their driver Mitchell Carter. In this letter they further say "as stated in our telephone conversation I do not owe you anything nor do you owe me anything as a result of our lease contract. I should like to request that you affirm your statements in writing in order that I may have them for my files." Appellants also contend that this letter is evidence of an accord and satisfaction of the debt sued upon. We do not think so, but we regard it as merely a self serving declaration and that it was properly excluded. The background of this letter is that the appellants were far be-

hind in the payment of their rent on the truck and equipment and the appellees sent a driver to appellants' place of business at Laurel, Mississippi, to pick up the truck and carry it back to Fordyce, Arkansas. Under the lease agreement the appellants were obligated to return the truck to appellees; and further under the lease agreement the appellees were entitled to take possession of the leased equipment without prejudice to its right to collect the entire rent agreed upon for the term of the lease if any part of the rent due shall be five days in arrears. We do not think there is any merit whatever in appellants' third contention.

The appellants contend lastly that the verdict of the jury is contrary to the overwhelming weight of the evidence. The appellants contended that the contract in question was signed in blank and that a portion of the same had not been filled in when they signed it, and we will admit that there was some evidence so showing but there was also evidence to the contrary and the question was strictly one for the jury to decide. It was submitted to the jury in the instructions which the defendant obtained and the jury found against the contention. The appellants made an effort to alter the terms of the rent contract and did get some evidence admitted to that effect. One of the things which it is plain was omitted from the contract was an alleged agreement that three-fourths of the profit from the operation of the truck and equipment was to be paid to J. C. Bowman, and the defendants obtained an instruction to the jury on this feature of the case, which the jury evidently did not believe. We do not agree with the contention that the verdict is contrary to the overwhelming weight of the evidence and therefore the judgment of the lower court is affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.